IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA, for the
Benefit of L & A CONTRACTING
COMPANY                                                         PLAINTIFF

VS.                              CIVIL ACTION NO. 2:07-cv-57(DCB)(JMR)

FEDERAL INSURANCE COMPANY, and
BYRD BROTHERS, INC.                                            DEFENDANTS

ORDER

This cause is before the Court on defendant Byrd Brothers, Inc.'s motion for leave to file its answer to plaintiff's second amended complaint **(docket entry 69)**, and on the plaintiff L&A Contracting Company's motion to strike answer **(docket entry 71)**. Having considered the motions and responses, the Court finds as follows:

On May 1, 2008, plaintiff L&A Contracting Company filed its Second Amended Complaint. Pursuant to Federal Rule of Civil Procedure 15(a), Byrd Brothers had ten days after service of the Second Amended Complaint to file an amended answer if it chose to do so. During the ten days, leave of court was not required unless the defendant sought "to raise new allegations and defenses that go beyond responding to the new matters raised in the amended complaint." Seitz v. Envirotech Systems Worldwide Inc., 2007 WL 1795678 at *2 (S.D. Tex. June 19, 2007)(citing WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE, Civil 2d § 1484 at 591-92, n.1).

The defendant's motion for leave to file an amended answer was not filed until June 11, 2009. In the context of allowing untimely

amendments to pleadings, the Fifth Circuit has devised a four-part test: the district court must consider (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. S&W Enter., L.L.C. v. Southtrust Bank of Alabama, 315 F.3d 533, 536 (5th Cir. 2003). In addition, the district court is to heed the mandate of Rule 15 that leave to amend "shall be freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962).

Counsel for the defendant admits that the amended answer was not timely filed through careless mistake, and states that the mistake was not discovered until June 10, 2009. In its motion to strike, L&A Contracting objects that leave to file the amended answer is sought "long after discovery has expired and virtually on the eve of trial." Motion to Strike, p. 1. While this is true, the determinative question is whether the plaintiff will be prejudiced by the filing of the amended answer at this late date.

The issue of whether L&A Contracting's signing of the September 2006 settlement agreement effectively released the plaintiff's claim in this case was raised by Byrd Brothers in its April 9, 2008, memorandum in support of its motion for summary judgment, before the plaintiff's Second Amended Complaint was filed. Likewise, Byrd Brothers' position disputing L&A Contracting's third party contract beneficiary claim was raised in Byrd Brothers' rebuttal to L&A Contracting's response to the motion for summary judgment, filed June 13, 2008. The Court therefore

finds that the matters L&A Contracting seeks to strike from the defendant's answer were known to it before or shortly after it filed its Second Amended Complaint, and that the defendant provided early notice to the plaintiff by presenting its contentions in its summary judgment pleadings. The Court further finds that Byrd Brothers' amended answer does not allege new facts nor raise any new affirmative defenses or counterclaims, and will not otherwise prejudice the plaintiff. The defendant's motion for leave to file its answer shall be granted, and the plaintiff's motion to strike answer shall be denied. Accordingly,

IT IS HEREBY ORDERED that defendant Byrd Brothers, Inc.'s motion for leave to file its answer to plaintiff's second amended complaint **(docket entry 69)**, is GRANTED, and the answer has been filed on June 11, 2009, as docket entry 68;

FURTHER ORDERED that the plaintiff L&A Contracting Company's motion to strike answer **(docket entry 71)** is DENIED.

SO ORDERED, this the 17th day of June, 2009.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE