IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

L & A CONTRACTING COMPANY                                    PLAINTIFF

VS.                            CIVIL ACTION NO. 2:07-cv-57(DCB)(JMR)

BYRD BROTHERS, INC.                                          DEFENDANT

ORDER

This cause is before the Court on the defendant Byrd Brothers, Inc.'s motion for judgment on its counterclaim for attorney's fees **(docket entry 82)**. Having considered the motion and response, the memoranda of the parties and all supporting documents, as well as the applicable law, the Court finds as follows:

In its motion, the defendant claims that it is entitled to attorney's fees under the terms of the September 2006 Settlement Agreement between the parties, which provides:

> In the event of any dispute concerning the subject matter of this Agreement (excluding the Subcontract which shall be governed by its own terms and conditions); (i) the prevailing party shall be awarded all attorney's fees and costs ... .

Settlement Agreement, ¶ 7. The Court agrees with Byrd Brothers that it is the prevailing party and that it is entitled to fees and costs. The defendant also contends that the reasonableness of its attorney's fees and costs "is not at issue" in this case. Defendant's Memorandum, p. 7. The Court disagrees. In Turner v. Terry, 799 So.2d 25 (Miss. 2001), the Mississippi Supreme Court found that the plaintiff was entitled to the entirety of his attorney's fees by virtue of the language in his contract with the defendant. Id. at 38. In that case, however, the issue of the

reasonableness of the fees was not raised. In the recent case of Wal-Mart Stores, Inc. v. Qore, Inc., 2010 WL 817295 (N.D. Miss. March 4, 2010), the district court acknowledged that parties may make contractual arrangements regarding attorney's fees, to be determined by "a plain reading of the contract." Id. at *2 (citing Turner, 799 So.2d at 38). Nevertheless, the court found that under Mississippi law, "[t]he amount of attorney's fees to be awarded is within the discretion of the court ... [and] [t]he court is not bound to accept the testimony or proof put on by attorneys but may rest its award on its own judgment." Id. at *4 (citations omitted). The court also commented that:

> Mississippi law is willing to accept any judgment of the court that is fair. The Mississippi Supreme Court has endorsed virtually all methods of calculating reasonable attorney's fees. Trial courts must simply use their best judgment in determining an award. As such the court will consider the factors in Rule 1.5 of the Mississippi Rules of Professional Conduct and use those factors in helping to determine a proper lodestar figure. In making such a determination, the court not only follows the accepted method for determining the amount of award, it also address[es] Qore's defense that the fees sought are unreasonable.

Id. at *5.

The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 432 (1983). See also Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993)("To determine the [attorney's fees] award amount, the court must first calculate the "lodestar" by multiplying the number of hours reasonably spent on the litigation times a reasonable hourly billing rate."). "The party seeking an award of

fees should submit evidence supporting the hours worked and rates claimed." Hensley, 461 U.S. at 432.

Concerning the reasonable hourly billing rate, Byrd Brothers has submitted affidavits of its three attorneys. Karl Dix, an attorney with Smith, Currie & Hancock LLP of Atlanta, Georgia, states, "My current hourly rate for this matter is $330.00, which is reasonable and equal to or lower than the rates charged by attorneys in this region with comparable experience on matters similar to this action." Dix Affidavit, ¶ 7. He also states:

> I am familiar with the attorneys' fees normally, customarily, and usually charged and allowed by the courts and in litigation of the type now before this Court. I am also familiar with, and have an opinion with respect to the amount, which constitutes a reasonable, usual, and customary attorney's fee in litigation of this type.
>
> It is my opinion that the time and expenses referenced herein, as well as in the Affidavit submitted by Dorsey Carson of Burr [and Forman, LLP, of Jackson, Mississippi], are both reasonable and necessary in this litigation.

Dix Affidavit, ¶¶ 14-15.

David C. King, also an attorney with Smith Currie, makes the identical statements in his affidavit in respective paragraphs 7, 14 and 15, with the exception that his hourly rate is $275.00. King Affidavit, ¶¶ 7, 14-15. Dorsey Carson states that he has practiced law in Mississippi since 1996, primarily in the area of construction litigation. Carson Affidavit, ¶ 3. He further states:

> My fees are $235.00 per hour on this case for this client instead of my standard rate of $330.00. Based on my knowledge and experience, this rate is at or below the rate normally and customarily charged in the Jackson,

>Mississippi, area by attorneys and professionals of similar qualifications and experience in cases of this kind.

Carson Affidavit, ¶ 9.

"A reasonable hourly rate is based on the 'prevailing market rates in the community.'" Worldcom, Inc. v. Automated Communications, Inc., 75 F.Supp.2d 526, 531 (S.D. Miss. 1999), quoting Blum v. Stenson, 465 U.S. 886, 895 (1984). In this case, the relevant legal market for this case is the Hattiesburg Division of the Southern District of Mississippi. See Tollett v. City of Kemah, 285 F.3d 357, 368 (5th Cir. 2002)(explaining that "the 'relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits,'" quoting Scham v. District Courts Trying Criminal Cases, 148 F.3d 554, 558 (5th Cir. 1998)). A reasonable hourly rate for a particular community is generally established through affidavits of other attorneys practicing there. Watkins v. Fordice, 7 F.3d 453, 458 (5th Cir. 1993); Tollett, 285 F.3d at 368.

The defendant has not submitted affidavits from any local attorneys to show that the hourly rates claimed are considered reasonable in this community. The plaintiff has submitted an affidavit of its attorney, Lawrence Gunn, who states that he has been practicing law in Hattiesburg since 1976. Gunn Affidavit, p. 1. He further states, "I am familiar with hourly rates charged by other attorneys practicing in the Hattiesburg area and believe those rates range from $150.00 to $250.00 per hour depending upon the experience of the attorney and the complexity of the

4

litigation." In addition, Mr. Gunn cites to a number of cases in the Southern District of Mississippi setting hourly rates for attorney's fee awards. Gunn Affidavit, p. 3.

This Court is familiar with the prevailing hourly rates in the community, and finds that $200.00 per hour is a reasonable hourly rate for all three attorneys, taking into consideration the attorneys' experience to the extent it was communicated to the Court, and the requisite skill necessary to represent the defendant properly in this case.

The next step in the "lodestar" method is to calculate the number of hours reasonably expended. The defendant has submitted a "Summary of Attorney's Fees Incurred," reflecting a total of 455.1 hours billed. The plaintiff objects to this total as excessive and lacking in the exercise of billing judgment. In support, Mr. Gunn's affidavit contains the following summary of the work involved in this case:

> Only one deposition was taken by each side. Byrd Brothers' attorneys deposed the president of L&A Contracting for 1 ½ hours and I conducted the 30(b)(6) deposition of Byrd Brothers by telephone in even less time. The amount sought, $174,000.00 was not a huge amount of money, and there was no dispute as to the amount of the work performed by L&A. There were only two legal issues, whether L&A had settled its claim and whether Byrd Brothers had third party contractual liability for this undisputed amount of labor and materials. Very little written discovery was done by Byrd Brothers, and I did none for L&A. Byrd Brothers' attorney looked through L&A documents, unnecessarily in my opinion, but none of the documents examined was ever used in the case. Byrd Brothers filed a very short set of written discovery. L&A filed none. Trial time consumed 6 hours and a total of 3 witnesses were presented, two by L&A and one by Byrd Brothers.

Gunn Affidavit, p. 2.

"The Fifth Circuit has emphasized that district courts should reduce attorneys' fees awards where attorneys do not exercise billing judgment, i.e., exclude 'unproductive, excessive, or redundant hours.'" Brown v. Ascent Assurance, Inc., 191 F.Supp.2d 729, 733 (N.D. Miss. 2002), quoting Walker v. United States Dep't of Hous. and Urban Dev., 99 F.3d 761, 770 (5th Cir. 1996). Hours which "are excessive, redundant, or otherwise unnecessary," or which result from the case being "overstaffed," are not hours "reasonably expended" and are to be excluded from the lodestar calculation. Hensley, 461 U.S. at 434. See also Flowers v. Wiley, 675 F.2d 704, 705 (5th Cir. 1982)("there should have been no compensation for hours spent in duplicative activity or spent in the passive role of an observer while other attorneys performed").

"Where reductions to the requested number of hours reasonably expended on the litigation are appropriate, a court has the discretion to utilize a simple across-the-board reduction by a certain percentage as an alternative to line-by-line reductions, particularly when fee documentation is voluminous." Project Vote v. Blackwell, 2009 WL 917737 *6 (N.D. Ohio 2009). "Where fee documentation is voluminous ... an hour-by-hour review is simply impractical and a waste of judicial resources." Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994).

This Court is of the opinion that the hours requested by the defendant are excessive and often duplicative. The Court finds that the attorneys submitted hours for tasks that, in the Court's opinion, should have taken less time to complete. The requisite

6

skill to perform the legal services rendered was not unusual, nor were the questions presented by this case novel or difficult. The time and labor required by this case were not extensive enough to justify the attorney's fees submitted to the Court. The Court finds that the number of hours reasonably required to prepare and present this case for trial is 150 hours; therefore, the defendant shall be awarded $30,000.00 for attorney's fees.

This Court's "lodestar" calculation includes discussion of all relevant factors under <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir. 1974), and Rule 1.5 of the Mississippi Rules of Professional Conduct. The Supreme Court has recognized that the <u>Johnson</u> factors are usually subsumed with the initial calculation of hours reasonably expended at a reasonable hourly rate." <u>Hensley</u>, 461 U.S. at 434 n.9. Furthermore, the Court is not required to address each of the <u>Johnson</u> factors fully in the recitation of its reasons. <u>Curtis v. Bill Hanna Ford, Inc.</u>, 822 F.2d 549 (5th Cir. 1987). The Court's analysis "'need not be meticulously detailed,'" as long as the Court "'has articulated and clearly applied the criteria.'" <u>Louisiana Power & Light Co. v. Kellstrom</u>, 50 F.3d 319, 331 (5th Cir. 1995), quoting <u>Blanchard v. Bergeron</u>, 893 F.2d 87, 89 (5th Cir. 1990). The Court finds that no further adjustment to the "loadstar" is required in this case.

The defendant has submitted a cost bill in the amount of $2,636.16. The plaintiff objects to the fees for <u>pro</u> <u>hac</u> <u>vice</u> admission of Mr. King, and for Mr. King's travel expenses from Atlanta to Hattiesburg. <u>Pro</u> <u>hac</u> <u>vice</u> fees are not properly

recoverable as costs and shall be denied. Smith v. Fresh Cut Floral and Catering, Inc., 2008 WL 4539630 *2 (S.D. Miss. Oct. 7, 2008), citing Cathey v. Sweeney, 2007 WL 1385657 *1 (S.D. Ga. May 8, 2007)(finding that pro hac vice fees are an expense of counsel, not the client). Attorneys' travel expenses are also not recoverable as costs. Coats v. Penrod Drilling Corp., 5 F.3d 877, 891 (5th Cir. 1993). They are, however, properly recoverable as expenses. Expenses are "those reasonable and necessary expenses of an attorney incurred or paid in preparation for trial of the specific case before the court, which expenses are those customarily charged to the client where the case is tried." Kelly v. Bowen, 862 F.2d 1333, 1335 (8th Cir. 1988), citing Oliveira v. United States, 827 F.2d 735, 744 (Fed. Cir. 1987). Mr. King's travel expenses, totaling $2,054.26, shall therefore be denied as costs but allowed as expenses and added to the recoverable attorney's fees. The remainder of the defendant's cost bill, totaling $466.90, shall be awarded as costs. Accordingly,

IT IS HEREBY ORDERED that the defendant Byrd Brothers, Inc.'s motion for judgment on its counterclaim for attorney's fees **(docket entry 82)** is GRANTED IN PART AND DENIED IN PART. The defendant is awarded $32,054.26 in attorney's fees and $466.90 in costs.

SO ORDERED, this the 24th day of March, 2010.


                                                /s/ David Bramlette
                                                UNITED STATES DISTRICT JUDGE